IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01791-PAB-KLM

REALITY TECHNOLOGY, INC., a Colorado corporation,

    Plaintiff,

v.

COUNTERTRADE PRODUCTS, INC., a Colorado corporation,
JOE CALABRIA, an individual,
JOE BOGLINO, an individual,
SHARON NORWELL, an individual, and
RODNEY ANDERSON, an individual,

    Defendants.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on served Defendants' **Motion to Stay Case Management and Discovery Deadlines** [Docket No. 30; Filed December 15, 2010] (the "Motion"). Defendants contend that due to parallel state court proceedings, the case should be stayed until the District Judge assigned to this matter resolves their Motion to Stay Pending Outcome of State Proceeding [Docket No. 23] or Motion to Dismiss [Docket No. 29] which are both based on abstention arguments. Despite the fact that Plaintiff's deadline for filing a response to the Motion has not expired, I may rule on the Motion at any time after its filing. D.C.COLO.LCivR 7.1C. Because I find that Defendants have provided good cause for a stay pending a determination on their motions,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

Although stays are generally disfavored, "[t]he Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unpublished decision) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's presumed desire to proceed expeditiously with its case against the burden on Defendants of going forward in this case when a parallel case is proceeding in state court. *Id.* Here, I note that Defendants have done more than offer conclusory arguments in favor of a stay or abstention.[1]  Given the pending dispositive motions, including the possibility that the case will be stayed pending the outcome of the state proceeding or that the Court will abstain entirely, I find that Defendants' burden in going

---

[1] The Court takes no position as to whether Defendants' motions should be granted, but merely notes that it appears that they are based upon more than idle speculation.

forward outweighs Plaintiff's desire to proceed at this stage of the litigation.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2.  None of these factors prompts the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, fully dispositive motions are pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C.Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason certain defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending the decision on dispositive motions that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motions are] granted, there will be no need for discovery." *Chavous,* 201 F.R.D. at 5. Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED**, including all case deadlines, until such time as the District Judge rules on the Motion to Stay Pending Outcome of State Proceeding or the Motion to Dismiss.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 7, 2011 at 10:00 a.m. is **vacated** and will be reset at a later date, if appropriate.

Dated:  December 16, 2010

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge