IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01791-PAB-KLM

REALITY TECHNOLOGY, INC., a Colorado corporation,

    Plaintiff,

v.

COUNTERTRADE PRODUCTS, INC., a Colorado corporation,
JOE CALABRIA, an individual,
JOE BOGLINO, an individual,
SHARON NORWELL, an individual, and
RODNEY ANDERSON, an individual,

    Defendants.
_____

## ORDER DENYING RECONSIDERATION
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Reconsideration of Order Staying Discovery and Case Management** [Docket No. 36; Filed January 18, 2011] (the "Motion").  Defendant filed a Response in opposition to the Motion on February 7, 2011 [Docket No. 40].  Because a reply would not materially assist my review, see D.C.COLO.LCivR 7.1C., I consider the matter to be fully briefed.

On December 16, 2010, the Court ordered that discovery be stayed until a decision on Defendants' dispositive motions which sought a formal stay of the case pending the outcome of a collateral state proceeding or abstention.  *Order* [#32] at 2-3.  Since that time, Plaintiff has filed a Motion for Declaratory Judgment indicating that it is entitled to declaratory relief "upon undisputed or indisputable facts."  *Motion for Declaratory Judgment* [#34] at 4.  On the basis of the now pending Motion for Declaratory Judgment, Plaintiff

contends that discovery should be permitted "in order to have a meaningful hearing and determination of the Motion for Declaratory Judgment." *Motion* [#36] at 3.

In its Response, Defendants argue that (1) Plaintiff's request for discovery is inconsistent with its representation that the facts are already indisputable; (2) to the extent that Plaintiff purports to need discovery to participate in a hearing on the Motion for Declaratory Judgment, no such hearing has been scheduled; and (3) it is highly unlikely that the District Judge will rule on the Motion for Declaratory Judgment prior to determining whether to formally stay the case or abstain. *Response* [#40] at 2-3. Having considered the parties' arguments,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The basis provided by Plaintiff for reconsidering my prior Order is unpersuasive. Furthermore, as no hearing on the Motion for Declaratory Judgment has been set, the Motion is premature. As noted by Defendants, "[i]t is only if Judge Brimmer chooses not to . . . [formally] stay or abstain from hearing this case and then decided to not grant the

Motion for Declaratory Judgment, but to [set a] hearing, that the issue of whether discovery is necessary in making a determination on the Motion for Declaratory Judgment would arise." *Response* [#40] at 2.  The Court continues to find that under these circumstances, although they have changed slightly since my prior Order, that Defendants' burden in going forward outweighs any reasonable desire by Plaintiff to proceed.  Accordingly, discovery remains stayed until such time as the District Judge rules on the Motion to Stay Pending Outcome of State Proceeding [Docket No. 23] or the Motion to Dismiss [Docket No. 29].

Dated:  February 16, 2011

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge