IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  10-cv-01791-PAB-KLM

REALITY TECHNOLOGY, INC., a Colorado Corporation,

　　　　Plaintiff,

v.

COUNTERTRADE PRODUCTS, INC., a Colorado Corporation,
JOE CALABRIA , an individual,
JOE BOGLINO, an individual,
SHARON NORWELL, an individual, and
RODNEY ANDERSON, an individual,

　　　　Defendants.

---

## ORDER DENYING MOTION TO DISMISS

---

This matter is before the Court on defendants CounterTrade Products Inc., Joe Calabria, Joe Boglino and Sharon Norwell's motion to dismiss [Docket No. 29].  The motion is fully briefed and ripe for disposition.

## I.  BACKGROUND

This case arises out of a soured business relationship between plaintiff Reality Technology, Inc. ("Reality") and defendant CounterTrade Products, Inc. ("CounterTrade").  According to Reality's complaint, both it and CounterTrade participated in a Small Business Administration ("SBA") set-aside program.  Reality is a small business that provides information technology services, while CounterTrade is a small business that resells and supplies computers and related products.  The individual defendants Calabria, Boglino, Norwell, and Anderson are all employees of

CounterTrade.  Reality alleges that CounterTrade operated a scheme to illegally profit

from federal procurement contracts under the SBA program and induced Reality to

enter into an illegal and unconscionable contract.  Reality brings Lanham Act claims

based on trademark infringement and unfair competition, Racketeer Influenced Corrupt

Organizations Act ("RICO") claims, a claim under the Colorado Organized Crime

Control Act, Colo. Rev. Stat. § 18-17-104, a claim for violation of the Uniform

Commercial Code, common law claims for fraud, and a common law claim for

intentional interference with prospective business relations.

Defendants seek to dismiss or stay this case pursuant to *Colorado River Water

Conservation District v. United States*, 424 U.S. 800 (1976), arguing that the Court

should decline to exercise jurisdiction over the case due to a concurrently pending

parallel state proceeding.  Defendants explain that plaintiff originally filed suit against

CounterTrade as well as the SBA in this Court in December 2009 and that

CounterTrade brought counterclaims and third-party claims against Reality in that suit.

United States District Judge Richard P. Matsch dismissed that case without prejudice

for lack of subject matter jurisdiction after plaintiff's dismissal of the SBA.  In order to

proceed with its claims, CounterTrade filed a complaint in the District Court for the City

and County of Denver in June 2010.  Reality then filed its complaint in this case in July

2010.  Shortly after filing this case, Reality moved to stay the state case, but the motion

was denied.  Defendants now argue that the Court should abstain from exercising its

jurisdiction over this case in light of the pending state court case.

## II.  STANDARD OF REVIEW

The *Colorado River* doctrine allows federal courts to "dismiss or stay a federal action in deference to pending parallel state court proceedings" where the federal court would otherwise have concurrent jurisdiction with the state court.  *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (citing *Colorado River*, 424 U.S. at 817).  In such a situation, the federal court may exercise its discretion and stay or dismiss the federal suit "for reasons of wise judicial administration."  *Id.* at 1081 (quoting *Colorado River*, 424 U.S. at 817-18).  Application of the doctrine is appropriate only in "exceptional" circumstances in light of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Id.*

In order to defer to a state court under the doctrine, a federal court must first assess whether the state court suit is in fact "parallel" to the federal suit.  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Id.* (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)).  In the Tenth Circuit, a court assessing whether state and federal proceedings are parallel should consider the actual posture of the state proceedings, instead of considering "how the state proceedings could have been brought in theory."  *Id.*  If the proceedings are parallel, the court "must then determine whether deference to state court proceedings is appropriate" by looking at a series of nonexhaustive factors laid out in *Colorado River*: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained

jurisdiction." *Id.* at 1082.  Other relevant factors may be "the vexatious or reactive nature of either the federal or the state action," "whether federal law provides the rule of decision," "the adequacy of the state court action to protect the federal plaintiff's rights," and "whether the party opposing abstention has engaged in an impermissible forum-shopping." *Id.* (citations omitted).

If the federal court finds that the doctrine applies, the preferred remedy in the Tenth Circuit is a stay of the federal case instead of a dismissal. *Id.* at 1083.  "In the event the state court proceedings do not resolve all federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without plaintiff having to file a new federal action." *Health Care & Retirement Corp. of America v. Heartland Home Care, Inc.*, 324 F. Supp. 2d 1202, 1204 (D. Kan. 2004) (citing *Fox*, 16 F.3d at 1083).  If the state court case fully resolves the dispute, dismissal of the federal case may then be appropriate. *See id.*

## III.  ANALYSIS

As a threshold matter, before assessing the *Colorado River* factors, the Court must determine whether the Denver District Court case filed by CounterTrade (the "state case") is parallel to the instant federal action.  The two cases are parallel if the state case, as it actually exists, involves substantially the same parties and substantially the same issues as the instant action.  *See Fox*, 16 F.3d at 1081.  The Court concludes that the cases are not parallel because they do not involve substantially the same issues.

Reality brings claims in the instant federal case which are not present in the state case as it currently stands.  In the state case, CounterTrade brings claims for breach of contract, unjust enrichment, conversion, civil theft, and breach of guaranty, all related to Reality's alleged breach of the parties' Teaming Agreement and non-payment.  *See* Docket No. 29-4.  The docket in the state case shows that on March 24, 2011, after being ordered by the Denver District Court to do so, Reality filed its answer to CounterTrade's complaint.  In its answer, obtained by the Court from the Denver District Court records, Reality raised the affirmative defenses of illegality and fraud, arguing that the Teaming Agreement is unenforceable.  *See* Answer and Jury Demand of Defendants Reality Technology, Inc., Ivan Drinks, Sr. and Ivan Drinks, Jr., Denver District Court Case No. 2010CV4999 at 4-7.  Reality declined to bring any counterclaims in its answer, but purported to reserve the right to bring counterclaims in the event that this Court stayed or dismissed the instant action.  *See id.* at 7-8.  By contrast, in this action, Reality has brought thirteen claims for relief.  These claims include claims for unfair competition and trademark infringement under the Lanham Act as well as civil RICO claims.  These claims raise issues unrelated to Reality's alleged breach of the Teaming Agreement and the Agreement's enforceability.  Therefore, the two cases present substantially distinct issues.  *See Fox*, 16 F.3d at 1081.  Because of these distinct issues, resolution of the state case as it is currently postured would not resolve Reality's claims in the instant case and a stay under *Colorado River* is inappropriate.  *See Grynberg v. GreyWolf, Inc.*, Civil No. 07-cv-01742-LTB-BNB, 2008 WL 687363 at *2 (D. Colo. Mar. 11, 2008) (finding cases not parallel where plaintiff's

affirmative defenses in state case formed the factual basis for plaintiff's claims in federal case, but determination of state case would not be determinative of federal case); *compare Int'l Asset Mgmt., Inc. v. Holt*, 487 F. Supp. 2d 1274, 1283-84 (N.D. Okla. 2007) (finding cases parallel where federal case was subsumed in the state case).

Reality undoubtedly could bring the claims brought in this case as counterclaims in the state case, but this possibility is not relevant to the Court's analysis. *Fox* specifically instructs courts not to consider how "the state proceedings could have been brought in theory." *See* 16 F.3d at 1081. Although the Court is mindful that Reality appears to have obstinately delayed the state case in order to avoid asserting counterclaims, as the cases stand now they are not parallel under *Fox*. Therefore, an examination of the *Colorado River* factors is unnecessary and the Court will deny defendants' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' Motion to Dismiss [Docket No. 29] is **DENIED**.

DATED May 27, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge