IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01791-PAB-KLM

REALITY TECHNOLOGY, INC., a Colorado Corporation,

    Plaintiff,

v.

COUNTERTRADE PRODUCTS, INC., a Colorado Corporation,
JOE CALABRIA , an individual,
JOE BOGLINO, an individual,
SHARON NORWELL, an individual, and
RODNEY ANDERSON, an individual,

    Defendants.

## ORDER DISMISSING DEFENDANT RODNEY ANDERSON

This matter is before the Court on defendant Rodney Anderson's motion to dismiss for insufficient service of process [Docket No. 48]. The motion is fully briefed and ripe for disposition. Mr. Anderson moves for dismissal on the grounds that plaintiff did not serve him until two months after the deadline set by Fed. R. Civ. P. 4(m). Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause" can be shown by demonstrating a defendant evaded service, *see Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997), or some other "showing of good faith on the part of the party seeking the enlargement and

some reasonable basis for noncompliance within the time specified." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule," and the court is "not compelled to accept a lesser 'excusable neglect' showing" to support a finding of good cause. *Id.* at 175. "Thus, change of counsel, inadvertent oversight on the part of counsel, or inadequate performance of a process server form insufficient excuses for failure to effect service within the 120-day period." *Wischmeyer v. Wood*, Civil Action No. 07-cv-01863-LTB, 2008 WL 2324128 at *2 (D. Colo. June 2, 2008) (citing *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)).

Plaintiff admits that the 120 day deadline for serving Mr. Anderson expired on November 26, 2010, but that it did not serve Mr. Anderson until January 28, 2011. Plaintiff states that it engaged the services of a Colorado legal support firm to locate and serve Mr. Anderson, operating under the belief that he resided in Colorado. Plaintiff worked with a Yasmeen Watson to locate Mr. Anderson. Ms. Watson was unable to locate Mr. Anderson in the state of Colorado and advised plaintiff of this fact in October 2010. Plaintiff's attorneys performed a public records search on Mr. Anderson, ultimately discovering that Mr. Anderson was listed as the primary contact for CounterTrade Products, Inc.'s New Mexico office, located at 1630 Alameda Boulevard, Albuquerque, New Mexico. Ms. Watson attempted service on Mr. Anderson in New Mexico with the assistance of contacts in New Mexico, but these contacts failed to serve Mr. Anderson and reported that he was "unavailable." On November 22, 2010, six days before the 120 day deadline, plaintiff contacted David Martin, a New Mexico-

based investigator, and engaged him to serve Mr. Anderson.  *See* Docket No. 49-1 at 1-3 (affidavit of Jonathan P. Schultz).  Before the expiration of the deadline, Mr. Martin conducted records searches for Mr. Anderson, but did not find a Rodney Anderson who used the 1630 Alameda Boulevard address or was employed by CounterTrade.  Mr. Martin ultimately served Mr. Anderson at the 1630 Alameda Boulevard address on January 28, 2011.  *See* Docket No. 49-1 at 5 (affidavit of David Martin).

Mr. Anderson states that he has worked at 1630 Alameda Boulevard in Albuquerque for the past four years, that plaintiff's employees knew he was located in New Mexico, and that the contact page on CounterTrade's website clearly lists him as the primary contact for the company's New Mexico office and states 1630 Alameda Boulevard as the address of that office.  Moreover, this page on CounterTrade's website is the first result when one enters Mr. Anderson's name and the company's name into the Google search engine.  Mr. Anderson also states that the only contact he had with individuals attempting to serve him in this matter was two phone calls, the first in the summer of 2010 from an individual who stated he would call back or stop by his office, but never did, and the second from Mr. Davis shortly before Mr. Davis served Mr. Anderson in January 2011.  *See* Docket No. 52-1 (affidavit of Rodney Anderson).

Plaintiff argues that it was reasonably diligent in pursuing service upon Mr. Anderson and that it would have "effected service within the 120-day period but for faulty (if not deliberately false) advice given its New Mexico process server concerning Mr. Anderson's presence at the office at 1630 Alameda Ave., N.W., in Albuquerque." *See* Docket No. 49 at 5.  Plaintiff also argues it could have served Mr. Anderson if

defense counsel had "responded truthfully" to direct questions from plaintiff's counsel about where Mr. Anderson was located.  *See id*.

As for the first argument, plaintiff appears to refer to Mr. Martin's affidavit, which describes Mr. Martin's efforts after November 26, 2010 to confirm that Mr. Anderson was located at 1630 Alameda Boulevard and his conversation with an individual after calling CounterTrade's New Mexico phone number.  Although Mr. Anderson disputes several of the facts in Mr. Davis' affidavit, they are ultimately immaterial.  These efforts were made after the 120 day deadline expired and do not show plaintiff's meticulous efforts to comply with the rule.  *See Wischmeyer*, 2008 WL 2324128 (arguments related to attempts after the 120 day deadline irrelevant to good cause showing).  As for the second justification, it is not clear that defense counsel was untruthful when he stated that he did not represent Mr. Anderson, which he did not, and that he did not know where Mr. Anderson resided.  Morever, plaintiff presents no authority for the proposition that defense counsel is obligated to investigate the location of an unserved defendant whom he does not represent.  Ultimately, plaintiff's facts indicate that it mistakenly believed that Mr. Anderson resided in Colorado – despite the CounterTrade website and the availability of a simple Google search indicating otherwise – and that once plaintiff realized Mr. Anderson was located in New Mexico, its original process server was unable to serve him there for reasons unknown.  Plaintiff then engaged a second process server a week before the 120 day deadline, but the process server was unable to confirm Mr. Anderson's address before the deadline expired.  These facts demonstrate the inadequacy of plaintiff's process servers, but they do not show Mr. Anderson evaded process or that plaintiff undertook "meticulous efforts to comply with

the rule." Therefore, the Court finds plaintiff has not demonstrated good cause for the failure to timely serve Mr. Anderson. *See Kirkland*, 86 F.3d at 175.

Even though plaintiff has not shown "good cause" for its failure to serve Mr. Anderson within the 120 day period, the Court must still consider whether to grant plaintiff a permissible extension of time for service. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). A permissive extension may be appropriate where the statute of limitations would bar the refiled action or where other policy considerations favor a permissive extension. *See id.* at 842. Plaintiff has not provided any reason why a permissive extension would be appropriate in this case, *see* Docket No. 49 at 5-6, and the Court finds none. Therefore, the Court declines to exercise its discretion to grant plaintiff a permissive extension.

For the foregoing reasons, it is

**ORDERED** that Defendant's Rodney Anderson's Motion to Dismiss for Insufficient Service of Process [Docket No. 48] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims against defendant Rodney Anderson are **DISMISSED without prejudice**.

DATED June 8, 2011.

BY THE COURT:

s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge