IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01791-PAB-KLM

REALITY TECHNOLOGY, INC., a Colorado Corporation,

    Plaintiff,

v.

COUNTERTRADE PRODUCTS, INC., a Colorado Corporation,
JOE CALABRIA , an individual,
JOE BOGLINO, an individual, and
SHARON NORWELL, an individual,

    Defendants.

**ORDER**

This matter is before the Court on plaintiff's motions for declaratory judgment [Docket No. 34] and partial summary judgment [Docket No. 53]. The motions are fully briefed and ripe for disposition. In its summary judgment motion, plaintiff asks the Court to find that the "teaming" agreement formed between plaintiff and defendant CounterTrade Products, Inc. ("CounterTrade") is illegal and unenforceable because it violates federal procurement laws, which preempt common law contract principles. Plaintiff also seeks rulings that defendants have unclean hands and illegally participated in contracts under the Small Business Administration's section 8(a) program ("8(a) contracts"). Plaintiff seeks summary judgment on these issues even though discovery had not begun in this case by the time briefing was completed. *See*

Docket No. 58 (lifting stay on discovery after Court's ruling on motion to dismiss on May 31, 2011).

Plaintiff justifies the need for early summary judgment on the facial legality of the teaming agreement by arguing that this issue supports its Racketeer Influenced and Corrupt Organizations Act ("RICO") and Colorado Organized Crime Control Act ("COCCA") claims. Plaintiff's theory is that CounterTrade violated these statutes by engaging in a "pattern of purposeful illegal conduct," of which the allegedly illegal teaming agreement was a component. *See* Docket No. 53 at 2. However, plaintiff has not demonstrated how the facial legality of the teaming agreement is independently material to its RICO and COCCA claims. Plaintiff does not allege that the teaming agreement itself is a predicate act underlying either of these claims. *See* Docket No. 18 at 24-39 (alleging predicate acts for RICO and COCCA claims including extortion, identity theft, mail fraud, wire fraud, financial institution fraud, interference with commerce and extortion, forgery, criminal possession of a forged instrument, offering a false document for recording, and identity theft). Although the legality of the contract is relevant to the question of whether CounterTrade extorted plaintiff by inducing it to enter into an illegal contract, plaintiff has not demonstrated why resolution of the facial legality of the agreement should be independently determined at such an early stage. It appears to the Court that resolution of the issues raised in plaintiff's motion for summary judgment would be more appropriate at a later date, in conjunction with resolution of related issues material to plaintiff's claims. As plaintiff stated in its motion for reconsideration of the magistrate judge's order staying discovery, "[o]nly by allowing full discovery to proceed can the Court ensure that all factual information relating to the

parties' relative positions is fully discovered and developed, in order to have a meaningful hearing and determination of the Motion for Declaratory Judgment." *See* Docket No. 36 at 3.  Accordingly, the Court will deny plaintiff's motion for summary judgment without prejudice as premature.

As defendants point out in their response to the motion for summary judgment, plaintiff's motion for declaratory judgment [Docket No. 34] addresses essentially the same issues as its motion for partial summary judgment.  *See* Docket No. 54 at 13-14 ("Reality has already conceded that discovery is necessary for this Court to make a determination on Reality's Motion for Declaratory Judgment seeking to declare the Teaming Agreement 'illegal' which is seeking for all intents and purpose the same argument presented in Reality's Motion for Summary Judgment.").  Not only is this motion premature, but it seeks relief plaintiff does not seek in its complaint.  *See* Docket No. 18 at 45-46.  Therefore, the Court will deny plaintiff's motion for declaratory judgment.

The Court finds that genuine issues of material fact remain as to whether defendants have unclean hands or illegally participated in § 8(a) contracts.  *See* Docket No. 54 at 3-4; Docket No. 54-1.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Partial Summary Judgment – Determination of Questions of Law [Docket No. 53] is **DENIED without prejudice**.  It is further

**ORDERED** that plaintiff's Motion for Declaratory Judgment [Docket No. 34] is **DENIED**.

DATED August 4, 2011.

                        BY THE COURT:

                        s/Philip A. Brimmer
                        PHILIP A. BRIMMER
                        United States District Judge